IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01117–REB–KMT

RENAE L. BIGELOW, a single woman,

    Plaintiff,

v.

GYNECARE, INC., a California corporation,
ETHICON, INC., a New Jersey corporation,
JOHNSON & JOHNSON, a New Jersey corporation,
DOES ONE through FIFTEEN, corporation,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Unopposed Motion to Vacate Deadlines in the Amended Scheduling Order Pending the Court's Determination of Plaintiff's Motion to Stay Discovery and Dismiss the Complaint Without Prejudice" [Doc. No. 21] (hereinafter "Motion") filed July 16, 2010.

The plaintiff originally filed this products liability complaint in San Mateo County, California, alleging compensatory and exemplary damages against Defendants as a result of implantation of certain pelvic mesh devices." (Comp. Doc. No. 2.) After filing an Answer in state court, Defendants removed the action to federal court in the Northern District of California, San Francisco Division. (Defendants' Response to Plaintiff's Motion to Stay Discovery and

Voluntarily Dismiss Without Prejudice [Doc. No. 20, hereinafter "Response"] at 1-2). Defendants then, arguing that venue was improper, moved to transfer the action to Colorado; the case was transferred on May 14, 2010. (See, generally, Doc. No. 1.)

The plaintiff is currently seeking to voluntarily dismiss the Colorado federal case without prejudice to allow her to re-file the matter in the Superior Court of New Jersey for Middlesex County, where she claims a number of similar cases with common issues of law and fact regarding Defendants Ethicon and Johnson & Johnson's pelvic mesh products are currently pending. (Mot. at 2.) Although Defendant Ethicon, with whom Defendant Gynecare, Inc. merged in 1997, and Defendant Johnson & Johnson are apparently both corporations located in New Jersey, the defendants object to the plaintiff's dismissal of this action in Colorado without prejudice to re-file in New Jersey state court. Defendants claim, 1) they have already been prejudiced by their forced retention of two different law firms to represent them in two jurisdictions, 2) that dismissal would inappropriately reward the lack of diligence of Plaintiff, whose counsel knew from previous experience that California was an improper venue, and, 3) if the case were re-filed in New Jersey, Defendants would have grounds to file a *forum non conveniens* motion which, if granted, could result in Plaintiff's case returning back to the District of Colorado. (Resp. at 2.) With an impending Scheduling Conference set on August 3, 2010, the parties now request a stay of all discovery pending ruling by District Judge Robert E. Blackburn on the motion.

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248,

2

254-255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

In assessing the propriety of a stay, this court must consider: whether the movant is likely to prevail in the related proceeding; whether, absent a stay, any party will suffer substantial or irreparable harm; and, the public interests at stake. *Landis*, 299 U.S. at 254; *United Steelworkers of America v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir. 2003); *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir.1977).

It is clear from the history of the case that the plaintiff is likely to proceed with her products liability action against these defendants in one forum or another. Again, in one forum or another, the discovery process will necessarily be undertaken. The question is: Does the process begin sooner or later? The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477, 1484 (10th Cir.1983)(*quoting Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir.1971). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule.

This court sees no benefit to delaying a process which is inevitable. At this stage it is not particularly important to the discovery process whether the case is brought in a federal Colorado

court or in a state New Jersey court.  It is highly improbable that, if allowed to dismiss her action in Colorado, the plaintiff would not continue the action as planned in New Jersey.  Therefore, whether plaintiff prevails before Judge Blackburn or not, the heart of the litigation will continue and merits discovery will still need to be undertaken.  Should the plaintiff prevail on her motion in Colorado and if the defendants do plead *forum non conveniens* in New Jersey, the inexorable outcome of such a motion will be that the case will either continue in New Jersey or be removed to Colorado.  (Resp. at 2.)  In either event, the case will go on, as will the need for discovery.

The public, of course, has an interest in speedy resolution of matters in its United States courts and no party will be prejudiced by proceeding with discovery now which will be necessary no matter where the case ultimately comes to rest.

It is therefore **ORDERED**

"Plaintiff's Unopposed Motion to Vacate Deadlines in the Amended Scheduling Order Pending the Court's Determination of Plaintiff's Motion to Stay Discovery and Dismiss the Complaint Without Prejudice" [Doc. No. 21] is **DENIED**.

Dated this 19th day of July, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge